UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN LIVINGSTON,

      Plaintiff,

 v.

SNOHOMISH COUNTY SHERIFF'S OFFICE, *et al.*,

      Defendants.

Case No. C25-269-BHS-MLP

REPORT AND RECOMMENDATION

On February 10, 2025, Plaintiff submitted to this Court for filing a proposed prisoner civil rights complaint in which he alleged violations of his constitutional rights arising out of the conditions of his confinement at the Snohomish County Jail ("the Jail"). (*See* dkt. # 1-1.) Plaintiff submitted with his complaint an application to proceed with this action *in forma pauperis* ("IFP"). (Dkt. # 1.) However, Plaintiff failed to submit with his IFP application a prison trust account statement as required by 28 U.S.C. § 1915(a)(2), and he submitted his application on the wrong form.

On February 12, 2025, the Clerk sent Plaintiff a letter explaining that his IFP application was deficient because he failed to submit a certified copy of his prison trust account statement showing transactions for the preceding six months, and advising that he must correct this

REPORT AND RECOMMENDATION - 1

deficiency not later than March 14, 2025, or risk dismissal of this action. (Dkt. # 3.) On February 13, 2025, the Clerk sent Plaintiff a second letter explaining that his IFP application was deficient because he failed to submit a copy of his prison trust account statement *and* because he submitted it on the wrong form. (Dkt. # 4.) Plaintiff was advised that he must correct these deficiencies by March 17, 2025, or risk dismissal of this action. (*Id.*)

On February 18, 2025, the Court received from Plaintiff a proposed "motion" to update his address. (Dkt. # 5.) Plaintiff submitted the motion while still confined at the Jail. He asked that his address be updated to reflect his home address because he expected to be released from the Jail on February 17, 2025, and transferred into the custody of the Washington Department of Corrections ("DOC") for a short period of three to fifteen days, before returning home. (*Id*.) The Clerk updated Plaintiff's address pursuant to this request and re-sent the previously issued deficiency letters (dkt. ## 3-4) to Plaintiff at his home address.

On February 20, 2025, the Court received two proposed "motions" from Plaintiff. (*See* dkt. # 6 at 1-2, 4-5.) In the first motion, Plaintiff reiterated that he expected to be transferred from the Jail to the DOC on February 17, 2025, and indicated that he expected to return home not later than March 3, 2025. (*Id*. at 1-2.) In his second motion, Plaintiff advised that he had attempted to obtain a copy of his prison trust account statement from the Jail but had been unsuccessful. (*Id.* at 4-5.) He asked that the deficiency notice pertaining to his IFP application "be lifted" as he had exhausted all avenues available to him to obtain his prison trust account statement and he wanted to move forward with this action. (*See id.* at 5.)

On March 3, 2025, the second deficiency letter, which had been mailed to Plaintiff at the Jail on February 13, 2025, was returned to the Court because Plaintiff was no longer in custody at the Jail. (Dkt. # 7.) The docket entry for the returned mail notes again that the deficiency letter

REPORT AND RECOMMENDATION - 2

was remailed to Plaintiff upon the Court's receipt of his earlier notice of change of address. (*See id*.)

While Plaintiff attempted to explain his inability to provide a copy of his prison trust account statement, he has not addressed the second deficiency noted by the Clerk, *i.e.,* that his IFP application was submitted on the wrong form. The Clerk provided Plaintiff a copy of the correct form for his convenience but, to date, he has made no effort to complete the form and return it to the Court, despite having had ample time to do so. As Plaintiff has not taken the steps necessary to proceed with this action, this Court recommends the instant action be dismissed without prejudice for failure to prosecute. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 28, 2025**.

DATED this 7th day of April, 2025.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3